Stanard, J.
The claim that was earnestly and ably urged on the part of the appellee, to have the balance of the guardian’s account augmented, by incorporating in it the appellee’s share of the balance of the administration account, consisting of the surplus profits of the real and personal estate of the father of the appellee while held by his administrators, cannot in this case be sustained in this court.
1st, Because this case was heard and the decree rendered between the parties to, and on the claim made by, the original bill for the settlement of the guardianship account, as contradistinguished from the administration account, the settlement of which was sought by the amended bill.
2dly, Because the case was neither heard nor prepared for hearing as to the administration account; the case, at the time of hearing, standing in that respect on a consent order recommitting the administration account, and the record of course furnishing no account on which a definite charge or decree against Robert Mosby in respect to the administration account could be made.
3dly, Because no claim was made in the court below by the appellee, to bring into the guardianship account, to her credit, any charge to her guardian arising out of the administration account.
The objection of the appellant, that the costs on his appeal from the county to the superior court of chancery were improperly decreed against him, rests on this, that the decree of the county court was reversed, and ought to have been reversed, by the superior court. The propriety of that reversal is vindicated on two grounds.
*47 First, That the decree did not provide for the sale of the slaves, so that the proceeds of the sale might be appropriated to the indemnity of the sureties of the guardian, and the surplus paid over to the appellant.
Though this seems to have been the ground of the formal reversal of the decree of the county court, it was not an adequate cause of reversal; and if it were, that reversal is one not for the benefit of the appellant, but for the benefit of the sureties of the guardian. The decree of the county court had, in respect to the disposition of the slaves, done every thing that the appellant could desire. Under it the appellant would have got complete title to and possession of the slaves, on his paying the amount decreed to be paid by the sureties; and he could not justly complain that the possession of the slaves was withheld from him until the sureties were indemnified. The omission of the county court to decree the sale of the slaves to provide the indemnity, withheld from the sureties a part of their remedy, and could not be justly complained of by the appellant. The addition of that by the superior court to the decree of the county court was for the benefit of the sureties; and in that respect the action of the superior court was not a matter of relief to the appellant, but to the sureties. In strictness, so far as this matter was involved in the appeal, the proper decree of the superior court would have affirmed that of the county court, and have added thereto the further decree of sale.
The other objection to the decree of the county court, and also to that of the superior court, is, that the amount decreed to the appellee is too large.
The fact on which this objection in part rests is not as has been supposed by the appellant. He has supposed that the division of the estate was not finally made until the year 1814 or 1815, and that the guardian did not hold the ward’s share of the land and negroes during the years 1813, 1814 and 1815, the years for which rents and hires are charged.
*48 Though the confirmation of the reports of the division of the slaves and land does not appear to have been made before the year 1815,1 think it appears with sufficient certainty that the slaves were in fact divided ear]y jn the year 1813, and that the guardian held or hired his ward’s share during the years 1813,1814 and 1815; and that the land was divided in February 1813, and the guardian had, or ought to have had, possession of it during those years.
As to the amount of hires and rents, my opinion is that the guardian has not been overcharged, especially as he has failed to render any account: and in respect to the credits to him for the board and clothing of the ward, I incline to the opinion that more has been allowed, than, under the circumstances of his culpable default, and failing to render any account of any disbursement, he was entitled to. But as the sum of 23 dollars 33 cents, payable by the appellee to equalize the share of the appellant in the division of the dower slaves, has not been charged to the appellee, I deem it best to consider that as an equivalent for the excess of the charge to the appellee for board and clothing, and (saving the parties the delay and expense of restating the guardian’s account) to terminate this case by affirming the decree.
The other judges concurring, the decree was accordingly affirmed.